UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                       :
UNITED STATES OF AMERICA                :
                        Plaintiff,      :        13 Crim. 345-3 (LGS)
                                        :        20 Civ. 1457 (LGS)
           -against-                        :
                                        :             <u>ORDER</u>
ANTIONE CHAMBERS,                     :
                              Defendant.   :
                                                        :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, Defendant, proceeding *pro se*, moves for reconsideration of the October 17, 2023, Opinion denying his second motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). The Government opposes the motion. For the reasons below, the motion is denied.

WHEREAS, the factual and procedural history of this action are detailed in the October 17, 2023, Opinion reported at *United States v. Chambers*, No. 13 Crim. 345-3, 2023 WL 6850232, at *1 (S.D.N.Y. Oct. 17, 2023).

WHEREAS, "[a] party may move for reconsideration and obtain relief only when the party identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021).[1] "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.*; *accord United States v. Williams*, No. 21-343, 2023 WL

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

1977601, at *1 (2d Cir. Feb. 14, 2023) (summary order) (applying same standard to reconsideration of denial of compassionate release motion).

WHEREAS, a motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012); *accord Dill v. JPMorgan Chase Bank, N.A.*, No. 19 Civ. 10947, 2021 WL 3406192, at *11 (S.D.N.Y. Aug. 4, 2021). "[C]ourts will not address new arguments or evidence that the moving party could have raised before the decision issued." *Banister v. Davis*, 590 U.S. 504, 508 (2020); *accord Carfora v. Tchrs. Ins. Annuity Ass'n of Am.*, No. 21 Civ. 8384, 2023 WL 5352402, at *3 (S.D.N.Y. Aug. 21, 2023). The decision to grant or deny a motion for reconsideration rests within "the sound discretion of the district court . . . ." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009); *accord Suarez*, 2022 WL 1078436, at *2. Because Defendant proceeds *pro se*, his submissions are liberally construed "to raise the strongest arguments that they suggest." *Barnes v. City of New York*, 68 F.4th 123, 127 (2d Cir. 2023). Nonetheless, "pro se status does not exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006); *accord McKenzie-Morris v. V.P. Recs. Retail Outlet, Inc.*, No. 22 Civ. 1138, 2023 WL 5211054, at *5 (S.D.N.Y. Aug. 13, 2023).

WHEREAS, the Local Rules of the Southern District of New York require that motions for reconsideration be filed within fourteen days of the decision -- here, by October 31, 2023. *See* Local Rule 6.3. Defendant's motion is dated March 1, 2024, and therefore is untimely. However, the special solicitude afforded to pro se litigants permits consideration of an untimely motion when the party made efforts to file timely "notwithstanding his status as an incarcerated,

pro se litigant." *Holmes v. Miller*, No. 22 Civ. 06388, 2023 WL 8018111, at *2 (S.D.N.Y. Nov. 20, 2023) (considering pro se incarcerated litigant's untimely objections to report and recommendation). Because Defendant was relocated during the course of this litigation, the initial copy of the October 17, 2023, Opinion mailed to Defendant was returned undelivered. In light of these circumstances, Defendant's motion for reconsideration is considered despite its untimeliness.

WHEREAS, the motion for reconsideration is denied because it does not identify any change of controlling law, the availability of new evidence or the need to correct a clear error or prevent injustice.

WHEREAS, Defendant first argues that he was sentenced erroneously as a Career Offender under the Sentencing Guidelines citing *Descamps v. United States*, 570 U.S. 254 (2013), *United States v. Maldonado*, 636 F. App'x 807 (2d Cir. 2016) (summary order) and *United States v. Pearson*, 77 F.3d 675 (2d Cir. 1996). This argument is unpersuasive, first, because it was expressly addressed and rejected in the October 17, 2023, Opinion that Defendant seeks to have reconsidered. *See Chambers*, 2023 WL 6850232, at *2. A motion for reconsideration "is not a vehicle for relitigating old issues . . . or otherwise taking a second bite at the apple." *Analytical Survs., Inc.*, 684 F.3d at 52. Second, despite the motion's argument to the contrary, *United States v. Montague*, 67 F.4th 520 (2d Cir. 2023), does not render *Maldonado* binding as a non-precedential summary order. Finally, even if Defendant had not been designated a Career Offender, that would not have made a difference because, at sentencing, the Court carefully considered Defendant's prior offenses and their relevance to his sentence, independent of their impact on his classification as a Career Offender. The Court also calculated what Defendant's Guidelines range would have been without the Career Offender designation,

3

and sentenced him within that lower range.

WHEREAS, Defendant also argues that the alleged error caused by applying the Career Offender Guideline was not harmless because the U.S. Sentencing Commission "recently lower[ed] the [G]uidelines range," which "create[d] a disparity nationally between [Defendant] and other non-[C]areer [O]ffenders [whose] criminal history category is 4 with a [G]uideline range of 188 to 235" months' imprisonment. He appears to argue that his criminal history category without the Career Offender status, if calculated now under the November 2023 Guidelines Manual, would place him in criminal history category IV rather than category V as it was at the time of sentencing under the 2015 Guidelines Manual. (Career Offender status results in a criminal history category of VI.) This argument is erroneous, first, because the calculation of Defendant's criminal history category under both the 2015 and the 2023 editions of the Guidelines Manual is the same -- resulting in a criminal history category of V as detailed in the Government's submission. Second, even if the results were different, the applicable manual is the one in effect at the time of sentencing -- here, the 2015 Guidelines Manual.

WHEREAS, Defendant also argues that a reduced sentence is appropriate because the non-Career Offender Guideline range "takes into account the seriousness of [Defendant's] offense, including his prior criminal history," and "the correct guideline will still be higher [than] the initial plea that was offered by the [G]overnment." This argument is unpersuasive because, as noted above, Defendant's sentence was within the non-Career Offender Guidelines range (i.e., not the higher Career Offender range), and was based on all of the 3553(a) factors, including the seriousness of the offense and Defendant's prior convictions. *See Chambers*, 2023 WL 6850232, at *2, 4. The Government's plea offer was not accepted and has no relevance to the Guidelines analysis or the Court's determination of the appropriate sentence.

WHEREAS, finally, Defendant states that he is "asking to be able to apply in the future for the two point reduction the [S]entencing [C]ommission has implemented for non-[C]areer [O]ffenders." However, regardless of Defendant's Guidelines calculation and whether he is designated a Career Offender, he does not meet the criteria to qualify for a "zero-point offender offense level reduction" pursuant to U.S.S.G. § 4C1.1. For example, he used violence or credible threats of violence in connection with the offense, which is a disqualifying factor under U.S.S.G. § 4C1.1(a)(3).

WHEREAS, the motion for reconsideration also is denied on the merits. The factors set forth in 18 U.S.C. § 3553(a) do not support a reduction in Defendant's sentence. As stated in the October 17, 2023, Order, the seriousness of Defendant's conduct and the need to promote respect for the law, provide just punishment for the crime and promote general and specific deterrence all justify the sentence imposed. *See Chambers*, 2023 WL 6850232, at *4. It is hereby

**ORDERED** that Defendant's motion for reconsideration is **DENIED**.

The Clerk of Court is respectfully directed to mail a copy of this order to Defendant at:

Antione Chambers
Register Number: 13576-067
FCI VICTORVILLE MEDIUM I
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 3725
ADELANTO, CA 92301

Dated: June 25, 2024
      New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE